# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH LEE, <br><br> *Plaintiff,* <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, <br><br> *Defendant.* | CASE NO. 3:13-cv-00034 <br><br> **Memorandum Opinion and Order** |

## I. INTRODUCTION

Plaintiff Elizabeth Lee ("Plaintiff") filed her complaint in this debt collection practices case in the Circuit Court of Rappahannock County on July 24, 2013. On August 28, 2013, Defendant Wells Fargo Home Mortgage ("Defendant") timely removed the case to this Court on the bases of federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction over any state law claims asserted. *See* Notice of Removal (docket no. 1). On September 4, 2013, Defendant filed a motion to dismiss Plaintiff's complaint as failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Motion to Dismiss").

Plaintiff responded on September 24, 2013 with several motions alleging this Court does not have subject matter jurisdiction pursuant to either 28 U.S.C. § 1331 federal question jurisdiction, nor diversity jurisdiction under 28 U.S.C. § 1332, nor supplemental jurisdiction over any state law claims under 28 U.S.C. §§ 1367(a) or 1441(c). Thus, Plaintiff requests that this Court stay removal (docket no. 18), vacate the judgment that removal is proper (docket no. 16), and set aside the Defendant's Motion to Dismiss until the subject matter jurisdiction issues have

1

been determined (docket no. 20). I construe Plaintiff's motions, collectively, as a motion to remand for lack of subject matter jurisdiction (hereinafter, collectively "Motion to Remand").

Simultaneously, Plaintiff filed a Motion to Amend her complaint to add, modify, and qualify certain claims "as partially enlightened by" Defendant's Motion to Dismiss (docket no. 22) (hereinafter "Motion to Amend"). Plaintiff proposes to specify more particulars of her cause of action, modify the amount she claims in damages, include the date of the last debt-collection call to demonstrate her claim does not fall outside the statute of limitations, and include additional complaints and other defendants. Pl.'s Mot. to Amend 1–2.

On October 8, 2013, Defendant filed a consolidated response to Plaintiff's Motion to Remand and Motion to Amend (docket no. 24), defending the case's removal as supported by diversity, federal question, and supplemental jurisdiction. Defendant also urged the Court to deny Plaintiff's Motion to Amend as prejudicial to Defendant and futile because Defendant argues all of Plaintiff's claims should be dismissed. The Court should instead grant Defendant's Motion to Dismiss and deny Plaintiff's Motion to Amend, Defendant argues.

Because the facts and legal contentions are adequately presented in the material before the court, oral argument would not aid the decisional process; accordingly, the motions will be decided without holding a hearing.[1]

For the reasons stated below, this Court will DENY Plaintiff's Motion to Remand (docket nos. 16, 18, and 20), and GRANT Plaintiff's Motion to Amend (docket no. 22).

---

[1] Additionally, the parties have not scheduled a hearing within the deadline set by this Court's pretrial order. After Defendant filed its Motion to Dismiss, this Court issued Plaintiff a notice required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), giving Plaintiff twenty-one days to respond to Defendant's motion. Plaintiff so responded by filing her Motion to Remand and her Motion to Amend. Defendant replied to Plaintiff's motions in its consolidated opposition on October 8, 2013. The last brief in this case on any pending motion was that opposition, filed on October 8, 2013. This Court's Pretrial Order, dated September 5, 2013, notes the parties must call the clerk to schedule a hearing on any motion within fourteen days after the filing of the last brief on the motion. *See* Pretrial Order ¶ 11 (docket no. 8). Including several extra days for service of process, that deadline passed on October 25, 2013. Although Plaintiff indicated in her motions that she might find a hearing on these issues helpful, neither party scheduled a hearing and oral argument would not aid the decisional process.

## II. BACKGROUND

From April 2012 through July 2012, Defendant Wells Fargo called Plaintiff's residence repeatedly, "in an attempt to collect a debt that Plaintiff owes to Wells Fargo." Def.'s Mem. in Supp. of Mot. to Dismiss 1. Although Plaintiff's Complaint never specifically alleges the Defendant called to collect a debt, it claims Defendant made a total of 130 calls to Plaintiff's residence over the course of a few months. Sometimes agents of Wells Fargo called "on behalf of Wells Fargo" and actually spoke to Plaintiff, at times contentiously. Pl.'s Compl., State R. 6, 9 (docket no. 9). Otherwise, the calls were "'robo' calls," with "no one on the other end, just the sound of a phone being hung up." *Id.* at 6. The calls always occurred during daytime hours, from 9 a.m. to 7 p.m., while Plaintiff held private sessions in her home office as "a massage therapist and a Guild Certified Consulting Hypnotist." *Id.* Plaintiff requested to be removed from the call list, and allegedly on the advice of a Wells Fargo agent, sent a fax notice on May 10, 2012 that she should be contacted "by writing only." *Id.* The calls continued until July 22, 2013.[2] *Id.* at ¶ 18, State R. 8.

Plaintiff's Complaint alleges harassment in several forms – "by virtue of the sheer volume of calls Plaintiff received"; by robo calls that hung up upon Plaintiff's answer; by Agent Raoul who Plaintiff claims was combative, rude, insistent, and argued with Plaintiff; and by the disruption of Plaintiff's business during daytime hours. *Id.* at State R. 9. Plaintiff also claims Defendant abused and neglected its professional duties after she informed an agent of the violations and the agent sent her a notice on June 16, 2012 promising Wells Fargo would no

---

[2] Plaintiff's Complaint is somewhat unclear about when the calls ceased. First, she says: "A final notice dated July 25, 2012 including the final calls registered was sent to Wells Fargo Home Mortgage. Plaintiff also noted the calls had finally stopped by July 22, 2013 after seventy-one (71) days." Pl.'s Compl. ¶ 18, State R. 8. Whether the calls ended on July 22, 2013, as this seems to indicate, affects the statute of limitations. Plaintiff has moved to amend this portion of her complaint, including "the actual dates of service and the final date of the last harassing call of the event demonstrating that Plaintiff was within the 'year limitation' enacted on such claims." Pl.'s Mot. to Amend 1.

3

longer call Plaintiff. These actions, according to Plaintiff, violated Virginia Code § 18.2-429 (Causing telephone or pager to ring with intent to annoy), 15 U.S.C. § 1692c(c) of the federal Fair Debt Collection Practices Act ("FDCPA") (Communication in connection with debt collection), 15 U.S.C. § 1692d(5) of the FDCPA (Telephone ringing/communication with intent to annoy, abuse, harass), and 47 U.S.C. § 227 of the Telephone Consumer Protection Act ("TCPA") (prohibiting non-emergency, non-consensual automated dialing calls to residences in certain situations). Plaintiff claims damages of $237,000. Pl.'s Compl. ¶ 18, State R. 15.

Plaintiff acknowledges she is a citizen of the Commonwealth of Virginia, domiciled in Virginia. Pl.'s Mot. to Vacate 2. Defendant cites that fact and asserts it is a "national banking association with its main office located in Sioux Falls, South Dakota, as designated in its articles of association." Def.'s Notice of Removal ¶¶ 3–4.

### III. DISCUSSION

#### A. Plaintiff's Motion to Remand

##### *1. Removal Jurisdiction*

As a general matter, "the defendant or the defendants" may seek to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To invoke federal jurisdiction, the defendant seeking removal must, within thirty days after the receipt of a copy of the initial pleading setting forth the claim for relief upon which the action is based, file with the appropriate federal district court a notice of removal stating the grounds for removal. 28 U.S.C. § 1446(a)–(b). Of course, non-removing parties are entitled to oppose removal by seeking remand to state court. As one court has noted, "[t]he right to remand and the right to remove are of equal import: while certain plaintiffs pleading claims based on state law are entitled to air their grievances before a state

tribunal, certain defendants are equally entitled to mount their defense in a federal forum." *17th St. Assocs., LLP v. Markel Int'l Ins. Co.*, 373 F. Supp. 2d 584, 594 (E.D. Va. 2005).

### *2. Diversity Jurisdiction*

Federal district courts have original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between citizens of different states. 28 U.S.C. § 1332(a). "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the defendants." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 2004).

Defendant timely filed a notice of removal stating the grounds for removal on August 28, 2013, within 30 days of receiving a copy of Plaintiff's complaint on August 7, 2013. State R. 17, 27. There is no dispute that Plaintiff's original complaint claims damages of $237,000, satisfying the amount in controversy.[3] Further, the parties in this case are completely diverse. It undisputed that Plaintiff is a citizen of Virginia. Wells Fargo Home Mortgage is a division of Wells Fargo Bank, a national banking association with its main office in Sioux Falls, South Dakota, as is designated in its articles of association. Def.'s Notice of Removal 2. The Office of the Comptroller of the Currency's list of "National Banks Active as of 8/31/2013" confirms this main office. *See* http://www.occ.gov/topics/licensing/national-bank-lists/national-by-name-v2.pdf. Wells Fargo and its Home Mortgage division are thus citizens of South Dakota. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (holding that, for the purposes of diversity

---

[3] Plaintiff's Motion to Amend proposes to modify the amount of damages she claims. Possibly, Plaintiff will attempt to lower the amount she is claiming to fall below the $75,000 threshold. She claims 130 phone calls that violate the state and federal statutes and attributes $1000 to each violation, plus extra $1000 claims for other forms of harassment, abuse, and neglect. There is no indication of how Plaintiff arrived at these figures, except that her complaint notes: "The TCPA provides a private right of action for violations and statutory damages in the amount of $500 for each violation and up to $1500 for each willful violation." Pl.'s Compl., State Record 14. Even if Plaintiff alters her damages demands to total less than $75,000, this Court will still exercise federal question jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1331.

jurisdiction, a national bank is a citizen of the state where its main office is located as set forth in its articles of association).

### *3. Federal Question Jurisdiction*

Under 28 U.S.C. § 1331, a federal district court has "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States." This is true regardless of the amount in controversy. *See* 28 U.S.C. § 1331; *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747–48 (2012) (noting § 1331 contains no amount-in-controversy requirement for federal question claims). The basis for such jurisdiction must be present in the complaint, rather than in any affirmative defenses raised by the defendant. *See King v. Marriott Int'l, Inc.*, 337 F.3d 421, 424 (4th Cir. 2003).

Plaintiff's complaint raises several issues arising under federal law, including claims that the Defendant violated the FDCPA and TCPA, two federal statutes. Both statutes are recognized grounds for removal in this Circuit. *See, e.g.*, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 747–48 (2012) (finding a plaintiff's TCPA claim plainly arose under U.S. laws and holding "Congress did not deprive federal courts of federal-question jurisdiction over private TCPA suits"); *Office Parks of Lynchburg, LLC v. Wells Fargo Banks, N.A.*, No. 6:12-CV-00034, 2012 WL 4325567, at *2 (W.D. Va. Sept. 20, 2012) (finding the FDCPA is a "recognized ground for removal in this Circuit") (citing *Hovart v. Bank of New York, N.A.*, 641 F.3d 617, 620 (4th Cir. 2011)). As the United States Supreme Court has noted, "there is no serious debate that a federally created claim for relief is generally a sufficient condition for federal-question jurisdiction," because in that case "federal law creates the right of action and provides the rules of decision." *Mims*, 132 S. Ct. at 748 (internal citations and quotation marks omitted).

Therefore, removal of Plaintiff's FDCPA and TCPA claims was properly based on this Court's original federal question jurisdiction over those claims.

### *4. Supplemental Jurisdiction*

Where a court has original jurisdiction over a civil action, it has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy if they "derive from a common nucleus of operative fact," such that a plaintiff would "ordinarily be expected to try them all in one judicial proceeding," regardless of their federal or state character. *Issac v. North Carolina Dept. of Transp.*, 192 F. App'x 197, 199 (4th Cir. 2006) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

In the instant case, Plaintiff's claims arise from the same nucleus of operative fact such that Plaintiff would ordinarily be expected to try them in one proceeding. Plaintiff alleges one set of facts to support all her federal *and* state law claims. She details the number, frequency, duration, and types of calls she received from Defendant over several months. She alleges those calls were made with the intent to abuse, harass, and annoy her, and that they did so.

Furthermore, the elements of the Virginia statute and those of one of Plaintiff's FDCPA claims are so similar that they clearly share a common nucleus of operative facts. This Court properly has jurisdiction over her claims under the FDCPA, which prohibits "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5) (2012). Plaintiff attempts to bring an almost identical claim under Virginia Code § 18.2-429,

7

which prohibits "caus[ing] any telephone . . . not his own, to ring or to otherwise signal" by "[a]ny person . . . with intent to annoy any other person." Va. Code § 18.2-429 (1950).

Plaintiff's claim under Virginia Code § 18.2-429 stems from the same set of facts and circumstances (the debt-collection calls) as Plaintiff's federal law claims. This state law issue is not novel, nor does it predominate over the claims over which this Court has original jurisdiction, *see* 28 U.S.C. § 1367(c). Thus, this Court has supplemental jurisdiction over Plaintiff's state law claim under Virginia Code § 18.2-429, pursuant to § 1367(a).

### B. Plaintiff's Motion to Amend

Plaintiff filed a Motion to Amend her complaint, proposing to specify more particulars of her cause of action, modify the amount she claims in damages, include the date of the last debt-collection call to demonstrate her claim does not fall outside the statute of limitations, and include additional complaints and other defendants. Defendant argues the Court should deny Plaintiff's Motion to Amend as futile and prejudicial, instead granting Defendant's Motion to Dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).

The pretrial order entered in this case on September 5, 2013, provides that "[t]he court shall consider a party's motion to amend the pleadings in accordance with Rule 15 of the Federal Rules of Civil Procedure. Except for good cause shown, any such motion must be filed no later than 45 days from the date of this order." Leave to amend a complaint should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a)(2). However, "[i]f the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." 6 Charles Alan Wright, et al., *Federal Practice and Procedure: Civil* § 1487 (3d ed.1998) (citations omitted). In exercising its discretion regarding leave to amend, a court "should focus 'on prejudice or futility or bad faith as the only legitimate concerns in

denying leave to amend, since only these truly relate to protection of the judicial system or other litigants.' " *Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987) (quoting *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir.1980)).

Plaintiff filed her Motion to Amend on September 24, 2013, well within the deadline established by the pretrial order. Her Motion to Amend includes no proposed amended complaint. But Plaintiff proposes to clarify certain aspects of her complaint challenged by Defendant's Motion to Dismiss and to add complaints and defenses. It is difficult to tell from this material whether her amendment will be futile. But in accordance with the precept that I liberally construe *pro se* pleadings, *see, e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and with Rule 15's preference for allowing leave to amend "when justice so requires," it seems only just to allow Plaintiff to specify and amend her pleadings. Liberally construed, Plaintiff claims she will amend to avoid some of Defendant's charges in its Motion to Dismiss. Whether she can successfully do so remains unclear due to Plaintiff's failure to attach a proposed amended complaint. But that very failure likely stems from her inexperienced, *pro se* status. Therefore, I cannot say at this time that Plaintiff's amendments will prove futile.

Nor can Defendant seriously claim granting Plaintiff leave to amend will result in prejudice to Defendant. No trial date has yet been set in this matter, and Plaintiff requested leave to amend approximately one month from the date on which Defendant removed this case to federal court (and only twenty days after Defendant's Motion to Dismiss). Plaintiff has made her request in a timely manner. Nothing indicates that either this small delay or that what Plaintiff might add would cause unfair surprise or prejudice.

Therefore, I will grant Plaintiff leave to amend her complaint.

## V. CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motion to Remand (docket nos. 16, 18, and 20) and GRANTS Plaintiff's Motion to Amend (docket no. 22).

**It is further ORDERED that Plaintiff should file an Amended Complaint within twenty-one days of this Order.**

The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff, and to all counsel of record.

Entered this __28th__ day of October, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE