IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| ELIZABETH LEE,<br><br>                               *Plaintiff,*<br><br>      v.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>                              *Defendant.* | CASE NO. 3:13-cv-00034<br><br><br>**Memorandum Opinion and Order**<br><br><br>JUDGE NORMAN K. MOON |

### I. INTRODUCTION

Plaintiff Elizabeth Lee ("Plaintiff") filed her complaint in this debt collection practices case in the Circuit Court of Rappahannock County on July 24, 2013. On August 28, 2013, Defendant Wells Fargo Home Mortgage ("Defendant") timely removed the case to this Court on the bases of federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction over any state law claims asserted. *See* Notice of Removal (docket no. 1). On September 4, 2013, Defendant filed a motion to dismiss Plaintiff's complaint as failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (docket no. 4) (hereinafter "Motion to Dismiss"). That same day, the Clerk of the Court issued Plaintiff the required notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), giving her twenty-one days to respond to Defendant's motion. *See Roseboro* Notice, docket no. 6.

Plaintiff responded on September 24, 2013 with several motions alleging this Court did not have subject matter jurisdiction and requesting that this Court stay removal (docket no. 18), vacate the judgment that removal is proper (docket no. 16), and set aside the Defendant's Motion

1

to Dismiss until the subject matter jurisdiction issues had been determined (docket no. 20). On October 28, 2013, I construed Plaintiff's motions, collectively, as a motion to remand for lack of subject matter jurisdiction (hereinafter, collectively "Motion to Remand") and denied the motions. *See* Order on Motion to Vacate, docket no. 25. I found this Court has subject matter jurisdiction over Plaintiff's federal claims and chose to exercise supplemental jurisdiction over her state law claim. *Id.*

However, I granted Plaintiff's Motion to Amend her complaint (docket no. 22) to specify certain particulars of her cause of action and gave her twenty-one days from the date of my Order to file her amended complaint.[1] *Id.* That time period, plus three days to ensure the Court's Order reached Plaintiff by mail, expired on November 21, 2013. On December 2, 2013, I issued an order *sua sponte* granting an extension of time for Plaintiff to file her amended complaint, clarifying that if she did not do so this Court would adjudicate the Motion to Dismiss (docket no. 4) her original complaint (in docket no. 9). *See* Order Granting Extension, docket no. 27. Plaintiff did not file an amended complaint by December 12, 2013, the new deadline I set, so I will now address the Motion to Dismiss Plaintiff's original complaint.

Because the facts and legal contentions are adequately presented in the material before the court, oral argument would not aid the decisional process; accordingly, the motions will be decided without holding a hearing.[2]

For the reasons stated below, this Court will GRANT Defendant's Motion to Dismiss (docket no. 4) Plaintiff's original complaint (in docket no. 9).

---

[1] Defendant responded to Plaintiff's Motion to Remand and Motion to Amend on October 8, 2013 (docket no. 24), defending the case's removal and urging the Court to deny Plaintiff's Motion to Amend as prejudicial and futile because all of Plaintiff's claims should be dismissed.

[2] Additionally, the parties have not attempted to schedule a hearing, and the deadlines for doing so have passed. *See* Order on Motion to Vacate, at 2 n.1, docket no. 25.

## II. BACKGROUND

From April 2012 through July 2012, Defendant Wells Fargo called Plaintiff's residence repeatedly, "in an attempt to collect a debt that Plaintiff owes to Wells Fargo." Def.'s Mem. in Supp. of Mot. to Dismiss 1. Although Plaintiff's Complaint never specifically alleges the Defendant called to collect a debt, it claims Defendant made a total of 130 calls to Plaintiff's residence over the course of a few months. Sometimes agents of Wells Fargo called "on behalf of Wells Fargo" and actually spoke to Plaintiff, at times contentiously. Pl.'s Compl., State R. 6, 9, at docket no. 9. Otherwise, the calls were "'robo' calls," with "no one on the other end, just the sound of a phone being hung up." Id. at 6. The calls always occurred during daytime hours, from 9 a.m. to 7 p.m., while Plaintiff held private sessions in her home office as "a massage therapist and a Guild Certified Consulting Hypnotist." Id. Plaintiff requested to be removed from the call list, and allegedly on the advice of a Wells Fargo agent, sent a fax notice on May 10, 2012 that she should be contacted "by writing only." Id. The calls continued until at least July 22, 2013. Id. at ¶ 18, State R. 8.

Plaintiff's Complaint alleges harassment in several forms – "by virtue of the sheer volume of calls Plaintiff received;" by robo calls that hung up upon Plaintiff's answer; by Agent Raoul who Plaintiff claims was combative, rude, insistent, and argued with Plaintiff; and by the disruption of Plaintiff's business during daytime hours. Id. at State R. 9. Plaintiff also claims Defendant abused and neglected its professional duties after she informed an agent of the violations and the agent sent her a notice on June 16, 2012 promising Wells Fargo would no longer call Plaintiff. These actions, according to Plaintiff, violated Virginia Code § 18.2-429 (Causing telephone or pager to ring with intent to annoy), 15 U.S.C. § 1692c(c) of the federal Fair Debt Collection Practices Act ("FDCPA") (Communication in connection with debt

collection), 15 U.S.C. § 1692d(5) of the FDCPA (Telephone ringing/communication with intent to annoy, abuse, harass), and 47 U.S.C. § 227 of the Telephone Consumer Protection Act ("TCPA") (prohibiting non-emergency, non-consensual automated dialing calls to residences in certain situations). Plaintiff claims damages of $237,000. Pl.'s Compl. ¶ 18, State R. 15.

Plaintiff acknowledges she is a citizen of the Commonwealth of Virginia, domiciled in Virginia. Pl.'s Mot. to Vacate 2. Defendant cites that fact and asserts it is a "national banking association with its main office located in Sioux Falls, South Dakota, as designated in its articles of association." Def.'s Notice of Removal ¶¶ 3–4. As this Court previously found, it has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

### III. DISCUSSION

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). In sum, Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950.

When it comes to *pro se* filings like those in the instant case, in order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pleadings liberally. *See, e.g., Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (citation omitted). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985) (affirming district court's dismissal of a plaintiff's fragmentary complaint). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith,* 589 F.3d 736, 738 (4th Cir.2009) (quoting *Loe v. Armistead,* 582 F.2d 1291, 1295 (4th Cir.1978)). While the instant complaint, of course, deserves a liberal construction under the generally liberal treatment of *pro se* filings, Plaintiff in the instant matter does not purport to raise civil rights issues.

### 1. Plaintiff's State Law Claim

This Court will dismiss Plaintiff's claim under Virginia Code § 18.2-429. Virginia Code § 18.2-429 does not give rise to a civil claim for damages, as it is a criminal statute providing only for criminal penalties. Therefore, it does not state a claim for which relief can be granted by this Court under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6); *Fiorani v. Chrysler-Dodge Corp.*,

No. 1:10CV989, 2011 WL 1085871, at *3 (E.D. Va. Jan. 26, 2011) (dismissing Plaintiff's claim under Va. Code 18.2-489, in part because "violation of this statute is a Class 3 misdemeanor and does not give rise to a civil claim for damages") *report and recommendation adopted*, No. 1:10CV989, 2011 WL 1085034 (E.D. Va. Mar. 18, 2011) *aff'd sub nom. Fiorani ex rel. 7 States' Attorney Generals v. Chrysler-Dodge Corp.*, 440 F. App'x 205 (4th Cir. 2011).

### 2. *Plaintiff's Federal Claims Under the FDCPA*

Plaintiff claims Defendant violated two provisions of the FDCPA: Section 1692c(c), regarding communication in connection with debt collection, and Section 1692d(5), regarding telephone ringing/communication with intent to annoy, abuse, or harass. *See* 15 U.S.C. §§ 1692c(c), 1692d(5). Defendant Wells Fargo claims the FDCPA's definition of "debt collector" does not include Wells Fargo, acting as a creditor to collect on its own debt from Plaintiff. Therefore, Defendant argues Plaintiff's claims must be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The FDCPA includes in its definition of "debt collector" "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The same subsection notes the term "debt collector . . . does not include – (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." *Id.* In *Blick v. Wells Fargo Bank, N.A.*, I dismissed a plaintiff's claims against Wells Fargo for failing to state a cause of action under Rule 12(b)(6) because "creditors, mortgag[ees], and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Blick v. Wells Fargo Bank, N.A.*, No. 3:11-CV-00081, 2012 WL 1030137, at *7 (W.D. Va. Mar. 27, 2012) (internal quotation marks omitted) *aff'd*, 474 F. App'x 932 (4th Cir. 2012)). I observed that:

6

> In general, a company's own efforts to collect overdue payments from its own delinquent clients would not ordinarily make it a debt collector under the [FDCPA], which specifically refers to those who collect debts owed or due or asserted to be owed or due *another.* Many other courts have used similar language to confirm that Congress only intended the FDCPA to apply to debt collectors, and not creditors themselves.

*Id.* (internal citations and quotation marks omitted). Under this same logic and the prevailing law, a servicer of a loan such as Wells Fargo is not a debt collector under the FDCPA. Therefore, I will dismiss Plaintiff's claims under the FDCPA as they fail to state a claim on which relief can be granted.³

### 3.  *Plaintiff's Federal Claims under the TCPA*

Finally, Plaintiff claims Defendant violated 47 U.S.C. § 227 of TCPA. Section 227(b)(1)(B) of the TCPA prohibits using an automated telephone dialing system ("ATDS")

> to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes *or is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B).*

47 U.S.C. § 227(b)(1)(B) (emphasis added). The Federal Communications Commission ("Commission") has exempted from the TCPA calls "made to any person with whom the caller has an established business relationship at the time the call is made." 47 C.F.R. § 64.1200(a)(2)(iv). Regulations by the Commission also exempt calls "made for a commercial purpose" that do not "include or introduce an unsolicited advertisement or constitute a telephone solicitation." 47 C.F.R. § 64.1200(a)(2)(iii).

---

³ Defendant also argues Plaintiff's claim is time barred under the FDCPA, which provides an action under the Act "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); *see also Lembach v. Bierman*, Nos. 12-1723, 12-1746, 2013 WL 2501752, at *3 (4th Cir. June 12, 2013) (quoting 15 U.S.C. § 1692k(d)). Plaintiff's Complaint seems to say she received the last call from Wells Fargo on July 22, 2013. Plaintiff filed her suit in state court on July 24, 2013; thus, her FDCPA claims also appear to be excluded from this court's jurisdiction by the statute of limitations, although her Complaint is somewhat unclear on this point. Since I will dismiss Plaintiff's FDCPA claims under Rule 12(b)(6), I need not resolve this issue.

Both of these exceptions apply to creditors' debt collection calls.  The Commission has explicitly noted that "prerecorded debt collection calls would be exempt from the prohibitions on such calls to residences as: (1) calls from a party with whom the consumer has an established business relationship, and (2) commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8773 ¶ 39 (October 16, 1992).  Additionally, the Commission has noted "all debt collection circumstances involve a prior existing business relationship." *Id.* at 8771–72 ¶ 36.  The Eleventh Circuit found the Commission's regulations exempted a debt collection agency from the TCPA because the agency "had an existing business relationship [with the debtors], and the calls were made for a commercial, non-solicitation purpose." *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. Feb. 11, 2011) (unpublished).

I find the TCPA does not apply to Defendant's calls to Plaintiff, for two reasons.  First, it had an established business relationship with Plaintiff because Plaintiff owed it a debt.  Second, Defendant's attempts to collect by calling Plaintiff at her residential phone number were made for a commercial, non-solicitation purpose.[4]  Two courts in the Eastern District of Virginia have agreed with this analysis, and one was summarily affirmed by the Fourth Circuit.  In *Gray v. Wittstadt Title & Escrow Co., LLC*, a district court found that 209 calls made over the course of a year, to a plaintiff from a bank holding the plaintiff's mortgage debt, did not violate the TCPA.  The court found that "calls made by a party attempting to collect a debt owed to it are exempt from the TCPA." *Gray v. Wittstadt Title & Escrow Co., LLC*, No. 4:11-CV-111, 2011

---

[4] Defendant also argues Plaintiff never alleged the calls were made by an automated telephone dialing system ("ATDS"), a prerequisite for application of the TCPA.  Plaintiff's Complaint, construed liberally, makes this allegation.  She alleges she was contacted a number of times by "robo calls" that hung up after she picked up the phone.  Pl.'s Compl., State R. 6, 9.  Later, she cites the TCPA as prohibiting calls to residences from an ATDS and notes such calls have been commonly named "robocalls." *Id.* at 14.

WL 6139521, at *4 (E.D. Va. Nov. 28, 2011), *aff'd per curiam*, 475 F. App'x 461 (4th Cir. Aug. 20, 2012). The court dismissed the *pro se* plaintiff's TCPA claim under Rule 12(b)(6). *Id. See also Clayton v. Aaron's Inc.*, No. 3:13-CV-219, 2013 WL 3148174, at *2 (E.D. Va. June 19, 2013) (sending text messages for the purpose of collecting a consumer debt were found to be activity "exempt from the TCPA" and plaintiff's TCPA claims were dismissed under Rule 12(b)(6)). I find this analysis persuasive and likewise dismiss Plaintiff's TCPA allegations as failing to state a claim under Rule 12(b)(6).

## V. Conclusion

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss (docket no. 4) Plaintiff's original complaint (in docket no. 9). The case is hereby ORDERED dismissed and stricken from the docket of this court.

The Clerk of the Court is directed to send a certified copy of this Order to Plaintiff, and to all counsel of record.

Entered this 13th day of December, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

9